UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

ULYSSES S.G. DAVIS III                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 5:05CV-P242-M

CHARLES ROBERTS *et al.*                                              DEFENDANTS

## MEMORANDUM OPINION

While incarcerated in the Kentucky State Penitentiary,[1] Plaintiff Ulysses S.G. Davis III

filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and various other federal and state laws.

This matter is before the Court for initial screening of the complaint pursuant to 28 U.S.C. §

1915A[2] and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that

follow, the claims against the Kentucky Department of Corrections will be dismissed and the

action will be consolidated with Civil Action No. 4:05CV-173-M and administratively

dismissed.

## I.  SUMMARY OF CLAIMS

The plaintiff brings this action against 35 named defendants.  These defendants include

the Kentucky Department of Corrections ("KDOC"); various officers and employees of the

KDOC, the Kentucky State Penitentiary ("KSP"), and the Green River Correctional Complex

("GRCC"); and attorneys employed by the Department of Public Advocacy.  In addition to the

named defendants, the plaintiff sues various unknown employees of the KDOC, KSP, and

GRCC.  The plaintiff sues each defendant in his or her individual and official capacities and

---

[1]The plaintiff has recently been released from custody.

[2]Under § 1915A, the Court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1) & (2).

seeks $80 million in compensatory and punitive damages and various forms of injunctive relief, including (1) release from segregation at KSP and placement in the general population; (2) removal of all grievance restrictions; (3) replacement of all property lost; and (4) creation of satellite law libraries in SMU.

In the lengthy complaint, the plaintiff primarily complains that he was denied access to courts while housed at GRCC and KSP; had no meaningful grievance process at GRCC and KSP; had property confiscated at GRCC and KSP; suffered excessive force at KSP; and endured mail tampering at GRCC. He additionally, though broadly, raises claims of conspiracy, retaliation, equal protection, cruel and unusual punishment, lack of due process, and disregard of religious freedom. He seeks relief under 42 U.S.C. § 1983 for the alleged denial of various constitutional rights. He further alleges a violation of 42 U.S.C. § 1985(2) and (3). He finally alleges that Defendants violated his rights under 42 U.S.C. §§ 1791, 1884, 1866, 1868, 1871, 1875, 1876, 1970, 1977, 1979, 1978, 1980, 1981, 1982, 1986, and 1988(1), under 18 U.S.C. §§ 241, 242, and under Sections 1 through 17 of the Kentucky Constitution.

## II. DISCUSSION

The complaint in the instant action (hereinafter "*Davis II*") is virtually identical to the complaint previously filed by the plaintiff in *Davis v. Bard et al.*, Civil Action No. 4:05CV-P173-M (hereinafter, "*Davis I*"). Indeed, the complaint in *Davis II* is, for the most part, a photocopy of the complaint in *Davis I*. The only difference in the two complaints is the first page. In *Davis II*, the plaintiff merely switches the names around in the caption and adds the KDOC as a defendant.

2

**A.  Claims against the KDOC**

Because the KDOC is an agency of the State of Kentucky, *see* KY. REV. STAT. ANN. § 12.250, Exec. Order No. 2004-730 (July 9, 2004) (providing that the KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky), all claims against the KDOC are barred by the Eleventh Amendment.  *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (holding that a suit against a state agency is barred by the Eleventh Amendment); *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit.").  The Court will thus dismiss all claims against that defendant.

**B.  Remaining Claims**

The remaining claims are identical to those raised and already reviewed in *Davis I*.  On review under 28 U.S.C. § 1915A, the Court in *Davis I* dismissed all but the following claims: (1) the § 1983 Board of Claims denial of access to courts claim against Defendants Doom and Rocky Roberts in their individual capacities for damages; (2) the § 1983 Eighth Amendment May 10, 2005, excessive force claim against Defendants Treat, Charles Roberts, Rocky Roberts, Waller, Doom, Gibbs, Haeberlin, Pershing, Wishman, Dunlap and Thomas in their individual capacities for damages; and (3) the § 1983 mail tampering claim against Defendants Korfhage, Penrose, and Dortch in their individual capacities for damages.  *Davis I* is currently pending.

3

As the remaining claims in *Davis II* have already been considered in *Davis I*, the Court will not reconsider those claims here.  Instead, the Court will consolidate the two actions into the more senior case, *Davis I*, and will direct the Clerk of Court to administratively close the instant action, *Davis II*.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005

4